UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

COMMON LAW VEHICULAR JUDICIAL NOTICE
CONSTITUTIONAL DRIVER'S LICENSE,
_____/  CASE NO. 2:14-mc-50981

MICHAEL RICHEY SMITH                     HON. MARIANNE O. BATTANI

          Petitioner.
_____/

### ORDER DISMISSING MISCELLANEOUS MATTER

      Before the Court is Petitioner Michael Smith's Common Law Vehicular Judicial Notice Constitutional Driver's License. (Doc. No. 1). Petitioner filed this miscellaneous matter apparently seeking a declaratory judgment that he be permitted to drive a vehicle without a state-issued driver's license. Petitioner asserts that the right to travel is a basic right guaranteed under the Constitution of the United States and prohibits states from converting such a right into a privilege. There is no named defendant in this action and no request for relief.

      Article III, § 2 of the United States Constitution limits the "judicial power of the United States" to actual "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. As the Supreme Court noted, "[t]he requirements of Art. III are not satisfied merely because a party requests a court of the United States to declare its legal rights . . . ." Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). Rather, the party must "have 'standing' to challenge the action sought to be adjudicated in the lawsuit." Id. In order to satisfy the standing requirement, a plaintiff must have "suffered some actual or threatened injury due to the alleged illegal conduct of the defendant; the injury must be 'fairly traceable' to the challenged action;

and there must be a substantial likelihood that the relief requested with redress or prevent the plaintiff's injury."  Coal Operators & Assoc., Inc. v. Babbitt, 291 F.3d 912, 916 (6th Cir. 2002).  In other words, it is the plaintiff's burden to establish an (1) injury in fact, (2) causation, and (3) redressability.  Id.

From the face of the filing, it is clear Petitioner failed to meet his burden to demonstrate that he has standing to bring such an action for declaratory relief.  There is no injury in fact present here, as Petitioner does not claim to have been cited or arrested for failing to obtain a driver's license.  Instead, he seeks an order from this Court proclaiming to the world that he is immune to traffic citations or other penalties he potentially faces if stopped by a police officer without a valid, state-issued license.  No actual case or controversy exists for the Court to adjudicate.  Moreover, even if Petitioner had standing to bring his claim, the Supreme Court has already determined that although citizens enjoy the right to interstate travel, there is no fundamental "right to drive."  See Dixon v. Love, 431 U.S. 105, 112-16 (1977); see also Miller v. Reed, 176 F.3d 1202, 1206 (9th Cir. 1999).  The Court advises Petitioner to obtain a valid driver's license so that he may avoid future fines and penalties.

Accordingly, Petitioner's filing is hereby **DISMISSED** for lack of standing.

    **IT IS SO ORDERED.**


Date:  August 5, 2014　　　　　　　　　　　s/Marianne O. Battani
　　　　　　　　　　　　　　　　　　　　　MARIANNE O. BATTANI
　　　　　　　　　　　　　　　　　　　　　United States District Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 5, 2014.

<u>s/ Kay Doaks</u>
Case Manager